UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SHEWAFERAW SHIBESHI,**<br><br>    **Plaintiff,**<br><br>        v.<br><br>**UNITED STATES OF AMERICA,** *et al.***,**<br><br>    **Defendants.** | Civil Action No.  12-356 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Shewaferaw Shibeshi, a frequent litigant in assorted federal courts, has filed this opaque suit against 21 Defendants, including a dozen federal judges who have ruled against him in previous cases.  Having already granted the separate motions to dismiss of four other Defendants – Alice Lloyd College, Philander Smith College, and the law firms of Wyatt, Tarrant & Combs, LLP, and Cross, Gunter, Witherspoon & Galchus, P.C. – in Shibeshi v. United States, 2012 WL 6698764 (D.D.C. Dec. 27, 2012), the Court now grants the District of Columbia's.

### I.    Background

The only factual assertion related to the District of Columbia in Plaintiff's Fourth Amended Complaint is the following: "Superior Court of the District of Columbia created series of pretexts and dismissed on December 9, 2011 Plaintiff's lawsuit against Bank of America to recover money taken from his bank account.  (See, "ADDENDUM B", p.1).  The pretexts are published online and in print and defamed Plaintiff as will be evidenced."  Fourth Am. Compl., ¶ 18.  "Addendum B" alleges that a judge or judges of the Superior Court made erroneous rulings regarding service and improperly dismissed a case of Plaintiff's.  See id., Addendum B.

1

Such conduct, Plaintiff asserts, supports his claims under "Universal Declaration of Human Rights (UDHR) and article 14, 16 and 26 of International Covenant on Civil and Political Rights (ICCPR) [*sic*]." Id., ¶ 27.

The District has now moved for dismissal or, in the alternative, summary judgment.

**II.    Legal Standard**

In evaluating Defendant's Motions to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs the Court's considerations of a defendant's motions under both Rules 12(b)(1) and 12(b)(6).  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same).  The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint.  Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted).

As the Court grants the dismissal request, there is no need to discuss the legal standard relating to summary judgment.

**III.    Analysis**

The only bases Plaintiff asserts for suing the District here are actions by one or more unnamed Superior Court judges, who are alleged to have improperly dismissed yet another of Plaintiff's suits.  Even if the District could somehow be vicariously liable for the official acts of such judges, the doctrine of judicial immunity prevents the Court from ever reaching such question.

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386 U.S. 547, 553-54 (1967).  One purpose of the doctrine is to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants," Forrester v. White, 484 U.S. 219, 225 (1988) (citation omitted) – precisely the case here.  As a result, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (citation, footnote, and internal quotation marks omitted); see also Imbler v. Pachtman, 424 U.S. 409, 418 (1976) (federal judges entitled to "absolute immunity . . . for acts committed within their judicial jurisdiction") (citation and internal quotation marks omitted).  Such immunity covers even suits claiming a deprivation of constitutional rights.  See Apton v. Wilson, 506 F.2d 83, 90 (D.C. Cir. 1974) ("The common law immunity of judges is fully applicable in suits under 42 U.S.C. § 1983 alleging deprivations of constitutional rights.") (citation omitted); Hughes v. Long, 242 F.3d 121, 128 n.4 (3d Cir. 2001) (judges immune from suits under §§ 1983 and 1985).

As Plaintiff's claims against the District derive entirely from acts that Superior Court judges are alleged to have committed during the course of their judicial duties, the District's

Motion will be granted. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  January 11, 2013