UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEWAFERAW SHIBESHI,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Civil Action No. 12-356 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Shewaferaw Shibeshi, a frequent litigant in assorted federal courts, has filed this opaque suit against 21 Defendants, including a dozen federal judges who have ruled against him in previous cases. Having granted the separate motions to dismiss of five other Defendants – Alice Lloyd College, Philander Smith College, the law firms of Wyatt, Tarrant & Combs, LLP, and Cross, Gunter, Witherspoon & Galchus, P.C., and the District of Columbia – see ECF Nos. 35, 46, the Court now grants Defendant Bank of America's.

### I.     Background

The only allegations related to Bank of America in Plaintiff's Fourth Amended Complaint are: the Bank, among others, "violated Common Law and defamed Plaintiff by causing preparation and publication of false statements that attacked his honor and reputation," Fourth Am. Compl., ¶ 34; the Bank "conspired with Superior Court of the District of Columbia," id., ¶ 38; and the Bank, among others, was "involved in conspiracy and defamation acts established in cause of action three and four of this amended complaint." Id., ¶ 42.

What all of this refers to is made slightly less confusing by Addendum B to this version of the Complaint, which refers to a lawsuit that Plaintiff brought against the Bank in D.C.

1

Superior Court, which that court apparently dismissed because of defective service. See id., Addendum B. The Bank has now moved for dismissal.

## II.     Legal Standard

In evaluating Defendant's Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs the Court's considerations of a defendant's motions under both Rules 12(b)(1) and 12(b)(6). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted).

## III.    Analysis

In moving to dismiss, the Bank first points out that the Rooker-Feldman doctrine deprives this Court of subject-matter jurisdiction to hear Plaintiff's claims against it. Deriving from the decisions in Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), this doctrine provides that a federal district court has no jurisdiction over actions that essentially seek "appellate review of the state judgment in a

United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (citations omitted); see also Gray v. Poole, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court") (citation omitted).

This is precisely what is going on here, as Plaintiff simply sues each court and judge who ruled against him elsewhere, along with those parties that were defendants in the earlier cases. In fact, he admits that this case "is on the denial to get protection of the law including denial of trial" in Superior Court.  Opp. at 2.  Even more blatantly, he later states, "The questions here is [sic] why and how the Superior Court of District of Columbia chosen [sic] to close its door for litigation to Plaintiff and why and how Bank of America while served properly chosen [sic] not to file response." Id. at 3.  If he does not like what happened to him in the Superior Court, his recourse is with the D.C. Court of Appeals, not this Court.

Even if his claims were not barred by Rooker-Feldman, they would be dismissed as purely conclusory and without any factual support.  This Court need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint.  Trudeau, 456 F.3d at 193 (D.C. Cir. 2006) (quoting Papasan, 478 U.S. at 286) (internal quotation marks omitted).  This is particularly true where the allegations are as farfetched and implausible as this one.

A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: January 24, 2013