UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHEWAFERAW SHIBESHI,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, *et al.*,<br><br>    Defendants. | Civil Action No.  12-356 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Shewaferaw Shibeshi, a frequent litigant in assorted federal and state courts, has filed this opaque suit against 21 Defendants, including a dozen federal judges who have ruled against him in previous cases. Having already granted four separate motions to dismiss brought by seven other Defendants, see ECF Nos. 35, 46, 52, 54, the Court now grants the federal judges' and the United States of America's combined Motion to Dismiss.

**I.     Background**

A centerpiece of the many grievances embodied in Plaintiff's Fourth Amended Complaint is his unhappiness with the numerous federal judges who have ruled against him in previous frivolous lawsuits.  Plaintiff claims, for example, that assorted courts have "entered in their orders multitude of misrepresentations and omissions in factual findings and applications of laws." Fourth Am. Compl., ¶ 5.  Indeed, one federal court "declared that the litigation of Plaintiff is malicious and frivolous." Id., ¶ 9.  In his so-called "Addendum A," he goes into great detail about the errors each court made in his cases. See Fourth Am. Compl., Addendum A.

His allegations against the United States are as vague as his catalog of errors by federal judges is detailed.  He alleges only that the Department of Homeland Security "required Plaintiff to

1

meet certain economic standards (property ownership and money) in order to enter or stay in the United States to pursue his legal cause of actions. [DHS] ignored that Plaintiff's situation creates fundamental rights protection duty upon the United States [*sic*]." Fourth Am. Compl., ¶ 10. In addition, he claims that "[l]etters sent to [DHS] on August 16 and September 30, 2011 to get visa to enter or extend stay in the United States to initiate lawsuits, conduct discovery and attend trial proceedings without requirement of economic standards were ignored. Consequently, Plaintiff unwillingly remained in legally and economically inferior status in the United States to avoid imminent obstacle for reentry." Id., ¶ 11. Such governmental actions allegedly violate the Universal Declaration of Human Rights (UDHR) and the International Covenant on Civil and Political Rights (ICCPR). Id., ¶¶ 25-30.

## II.     Legal Standard

In evaluating Defendants' Motion to Dismiss, the Court must "treat the complaint's factual allegations as true . . . and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (internal citation omitted); see also Jerome Stevens Pharms., Inc. v. FDA, 402 F.3d 1249, 1253 (D.C. Cir. 2005). This standard governs the Court's considerations of a defendant's motions under both Rules 12(b)(1) and 12(b)(6). See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader"); Walker v. Jones, 733 F.2d 923, 925-26 (D.C. Cir. 1984) (same). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau v. Fed. Trade Comm'n, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)) (internal quotation marks omitted).

**III.     Analysis**

As Plaintiff's claims against the twelve federal judges all stem from acts committed entirely within the course of their judicial duties, the judges are, as a matter of law, afforded the protection of judicial immunity.  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction."  Pierson v. Ray, 386 U.S. 547, 553-54 (1967).  One purpose of the doctrine is to "protect[] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants," Forrester v. White, 484 U.S. 219, 225 (1988) (citation omitted) – precisely the case here.  As a result, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (citation omitted).  Such immunity covers even suits claiming a deprivation of constitutional rights.  See Apton v. Wilson, 506 F.2d 83, 90 (D.C. Cir. 1974) ("The common law immunity of judges is fully applicable in suits under 42 U.S.C. § 1983 alleging deprivations of constitutional rights.") (citation omitted).

Plaintiff's claims against the United States, conversely, fail for different reasons, but only two bear mention here.  First, the claims are conclusory, unsupported, vague legal allegations that fall far short of the required pleading standard. "[A] complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and there must be "more than a sheer possibility that a defendant has acted unlawfully."  Id. (citation omitted).  Plaintiff complains that DHS ignored his letters and imposed certain standards on his desire to remain in or enter the country.  Such allegations, without considerably more facts, are entirely insufficient.

In addition, even if the Court were to find that Plaintiff's factual allegations were sufficiently

articulated, his legal theories are defective.  He bases his suit against the United States on the UDHR and the ICCPR.  Neither, however, "create[s] independent rights that are cognizable in this Court." Elie v. Holder, 443 Fed. Appx. 635, 638 (2d Cir. 2011).  More specifically, "[t]he ICCPR is not self-executing, and therefore is not privately enforceable," and the "UDHR is merely aspirational and [was] never intended to be binding on member States of the United Nations."  Id. (citations and internal quotation marks omitted); see also Sosa v. Alvarez-Machain, 542 U.S. 692, 734 (2004) (UDHR "does not of its own force impose obligations as a matter of international law").  The Court will thus not permit such claims to proceed.

Because this is Plaintiff's fifth attempt to assert a cognizable claim here and because he has taken up sufficient amounts of the time of this Court and many others, the dismissal of the federal judges and the United States as Defendants will be with prejudice.

**IV.   Conclusion**

As the twelve federal judges are immune from this suit, and as the Fourth Amended Complaint fails to state a claim for which relief can be granted against the United States, the Motion to Dismiss will be granted.  A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: February 1, 2013