**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

SHEWAFERAW SHIBESHI,

      **Plaintiff,**

        **v.**                             **Civil Action No.  12-356 (JEB)**

UNITED STATES OF AMERICA, *et al.*,

      **Defendants.**

## AMENDED MEMORANDUM OPINION

*Pro se* Plaintiff Shewaferaw Shibeshi, a frequent litigant in assorted federal courts, has filed this opaque suit against 21 Defendants, including a dozen federal judges who have ruled against him.  Four Defendants – Alice Lloyd College, Philander Smith College, and the law firms of Wyatt, Tarrant & Combs, LLP, and Cross, Gunter, Witherspoon & Galchus, P.C. – have now separately moved to dismiss for lack of personal jurisdiction.

## I.      Background

Although much perspicacity is required to comprehend the Fourth Amended Complaint here, which must be presumed true at this stage, its gravamen appears to be Plaintiff's dissatisfaction with certain rulings by federal judges, representations in legal filings by law firms, and employment-related conduct by educational institutions.  As to the colleges and law firms that have filed these Motions to Dismiss, the only mentions of them are: Plaintiff previously filed a wrongful termination claim against Philander Smith College in the Eastern District of Arkansas and an unpaid-wage claim against Alice Lloyd College in the Eastern District of Kentucky, see Fourth Am. Compl., ¶ 6; the two law firms represented the colleges in those federal suits and made misrepresentations in their filings and violated their professional

ethics, id., ¶¶ 16-17, 46; all four Defendants "defamed Plaintiff by causing preparation and publication of false statements that attacked his honor and reputation," id., ¶ 34; and all Defendants conspired together to deny Plaintiff justice and the protection of the law.  Id., ¶¶ 38-39, 42.  Plaintiff also submits two Addenda to the Complaint, in which he sets forth alleged misrepresentations in legal filings and court rulings.  See id., Addenda A & B.

## II.      Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(2), a plaintiff bears the "burden of establishing a factual basis for the [Court's] exercise of personal jurisdiction over the defendant."  Crane v. New York Zoological Society, 894 F.2d 454, 456 (D.C. Cir. 1990) (citation omitted).  To meet this burden, a plaintiff "must allege specific facts connecting the defendant with the forum."  Capital Bank Int'l Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72, 74 (D.D.C. 2003) (citing Second Amendment Foundation v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001)).    In determining whether a basis for personal jurisdiction exists, "factual discrepancies appearing in the record must be resolved in favor of the plaintiff."  Crane, 894 F.2d at 456 (citation omitted).  Unlike with a motion to dismiss under Rule 12(b)(6), the Court "is free to consider relevant materials outside the pleadings" in deciding whether to grant a motion to dismiss for lack of jurisdiction."  United States v. Smithfield Foods, Inc., 332 F. Supp. 2d 55, 59-60 (D.D.C. 2004).

## III.      Analysis

The four Motions all argue that personal jurisdiction does not exist over these Defendants.  They are correct.

A court may exercise two forms of personal jurisdiction over a nonresident defendant: general and specific.  General jurisdiction exists where a nonresident defendant maintains

sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular case. <u>Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408, 414 n.9 (1984).   "[B]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test than for specific jurisdiction." <u>Gorman v. Ameritrade Holding Corp.</u>, 293 F.3d 506, 510 (D.C. Cir. 2002) (citation and internal quotation omitted).  As a result, "[u]nder the Due Process Clause, such general jurisdiction over a foreign corporation is only permissible if the defendant's business contacts with the forum are continuous and systematic." <u>FC Inv. Group LC v. IFX Markets, Ltd.</u>, 529 F.3d 1087, 1091-92 (D.C. Cir. 2008) (internal quotations and citations omitted).  In this case the only allegation Plaintiff makes in his Fourth Amended Complaint that any of these Defendants has had any contacts with this forum are that they (and others) "conspired to interfere the proper function of U.S. District Court for District of Columbia in the instant case and delayed justice [*sic*]."  Fourth Am. Compl., ¶ 39.  Whatever this means, it cannot constitute sufficiently systematic and continuous contacts with this forum to support an assertion of general jurisdiction.

Record evidence from each Defendant confirms the lack of contacts: Alice Lloyd College is located in Kentucky and has not regularly performed or solicited business in the District of Columbia.  <u>See</u> Mot. (ECF No. 16), Exh. A (Affidavit of Joe A. Stepp), ¶¶ 4, 6.  Philander Smith College is located in Arkansas and has not engaged in any consistent course of business in the District.  <u>See</u> Mot. (ECF No. 18), Exh. A (Affidavit of Christopher Newton), ¶¶ 5, 7.  Cross, Gunter is an Arkansas law firm that has not regularly performed or solicited any business in the District.  <u>See</u> Mot. (ECF No. 13), Exh. A (Affidavit of Missy McJunkins Duke), ¶¶ 4, 6.  And Wyatt, Tarrant is a Kentucky law firm that does not derive a substantial portion of its revenue

from services rendered here.  See Mot. (ECF No. 20), Exh. A (Affidavit of Francis J. Mellen),

¶¶ 4, 11.  As a result, this is not a theory that can support personal jurisdiction over these four

Defendants.

Specific jurisdiction exists where a claim arises out of the nonresident defendant's

contacts with the forum.  Helicopteros, 466 U.S. at 414 n.8; see also United States v. Ferrara, 54

F.3d 825, 828 (D.C. Cir. 1995).  "A plaintiff seeking to establish specific jurisdiction over a non-

resident defendant must establish that specific jurisdiction comports with the forum's long-arm

statute and does not violate due process."  FC Inv. Group, 529 F.3d at 1094-95 (citation and

internal citation omitted).  The long-arm statute of the District of Columbia extends personal

jurisdiction over a nonresident defendant where a claim arises from the defendant's

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [the defendant] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia . . . .

D.C. Code § 13-423(a).  In order not to violate due process, a nonresident defendant must have

"certain minimum contacts [with the forum state] such that the maintenance of the suit does not

offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326

U.S. 310, 316 (1945).  Those guarantees are satisfied "if the defendant has 'purposefully

directed' his activities at residents of the forum," Burger King Corp. v. Rudzewicz, 471 U.S.

462, 472 (1985) (quoting <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S. 770, 774 (1984)), and if "the litigation results from alleged injuries that 'arise out of or relate to' those activities." <u>Id.</u> (quoting <u>Helicopteros</u>, 466 U.S. at 414).

A brief look at the pleadings demonstrates that no specific jurisdiction exists here either. Plaintiff's allegations about these Defendants relate to employment at the colleges in Arkansas and Kentucky and the lawsuits he filed in those states. Once again, his only mention of these Defendants in connection with the District of Columbia is his sweeping conspiracy allegation. <u>See</u> Fourth Am. Compl., ¶ 39. The Court, however, need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. <u>Trudeau</u>, 456 F.3d at 193 (D.C. Cir. 2006) (quoting <u>Papasan</u>, 478 U.S. at 286) (internal quotation marks omitted). This is particularly true where the allegation is as farfetched and implausible as this one. Specific jurisdiction, therefore, is also lacking.

Plaintiff in his Oppositions, in fact, never cites this allegation for specific jurisdiction, instead explaining that he is relying on Federal Rule of Civil Procedure 4(k)(2). But that Rule by its own terms only applies where "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2)(A). This is, of course, not the case here since the Arkansas-based Defendants could have been sued there and the Kentucky-based Defendants there.

**IV.** **Conclusion**

As the Court lacks personal jurisdiction over these four Defendants, their Motions to Dismiss will be granted. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  March 1, 2013