UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHEWAFERAW SHIBESHI,

    Plaintiff,

    v.

UNITED STATES OF AMERICA, *et al.*,

    Defendants.

Civil Action No. 12-356 (JEB)

## AMENDED MEMORANDUM OPINION

*Pro se* Plaintiff Shewaferaw Shibeshi, a frequent litigant in assorted federal courts, has filed this opaque suit against 21 Defendants, including a dozen federal judges who have ruled against him in previous cases. Having already granted three separate motions to dismiss brought by six other Defendants, see ECF Nos. 35, 46, 52, the Court now grants the City University of New York's.

**I.    Background**

Plaintiff's Fourth Amended Complaint makes a few vague allegations about the City University of New York (CUNY). First, it is apparent that CUNY's involvement here relates to Plaintiff's prior "employment termination and unpaid wage claim against [it]" in the Southern District of New York. See Fourth Am. Compl., ¶ 6. He avers here that CUNY and others "defamed Plaintiff by causing preparation and publication of false statements that attacked his honor and reputation," id., ¶¶ 33-34; that it, with others, "conspired and denied Plaintiff protection of the law and avoided legal liability, id., ¶ 38; that it, with others, "conspired to interfere the proper function [*sic*] of U.S. District Court for District of Columbia in the instant case and delayed justice," id., ¶ 39; and that it, with others, was "involved in conspiracy and defamation acts established in cause of

action three and four of this amended complaint." Id., ¶ 42.  Plaintiff adds a discussion in an addendum to his latest Complaint of what he believes were erroneous trial court rulings in his suit against CUNY.  See id., Addendum A.

CUNY has now moved for dismissal.

## II.     Legal Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(2), a plaintiff bears the "burden of establishing a factual basis for the [Court's] exercise of personal jurisdiction over the defendant." Crane v. New York Zoological Society, 894 F.2d 454, 456 (D.C. Cir. 1990) (citation omitted).  To meet this burden, a plaintiff "must allege specific facts connecting the defendant with the forum." Capital Bank Int'l Ltd. v. Citigroup, Inc., 276 F. Supp. 2d 72, 74 (D.D.C. 2003) (citing Second Amendment Foundation v. U.S. Conference of Mayors, 274 F.3d 521, 524 (D.C. Cir. 2001)).   In determining whether a basis for personal jurisdiction exists, "factual discrepancies appearing in the record must be resolved in favor of the plaintiff." Crane, 894 F.2d at 456 (citation omitted).  Unlike with a motion to dismiss under Rule 12(b)(6), the Court "is free to consider relevant materials outside the pleadings" in deciding whether to grant a motion to dismiss for lack of jurisdiction." United States v. Smithfield Foods, Inc., 332 F. Supp. 2d 55, 59-60 (D.D.C. 2004).

Rule 12(b)(6) provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted."  When the sufficiency of a complaint is challenged under Rule 12(b)(6), the factual allegations presented in it must be presumed true and should be liberally construed in plaintiff's favor. Leatherman v. Tarrant Cty. Narcotics & Coordination Unit, 507 U.S. 163, 164 (1993).  The notice-pleading rules are "not meant to impose a great burden on a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), and he or she

must thus be given every favorable inference that may be drawn from the allegations of fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 584 (2007). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Twombly, 550 U.S. at 555, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal quotation marks omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted). Though a plaintiff may survive a 12(b)(6) motion even if "'recovery is very remote and unlikely,'" Twombly, 550 U.S. at 555 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)), the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 555 (citation omitted).

### III.   Analysis

CUNY first argues that this Court lacks personal jurisdiction over it. A court may exercise two forms of personal jurisdiction over a nonresident defendant: general and specific. General jurisdiction exists where a nonresident defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular case. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.9 (1984). "[B]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test than for specific jurisdiction." Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 510 n.2 (D.C. Cir. 2002) (citation and internal quotation marks omitted). As a result, "[u]nder the Due Process Clause, such general jurisdiction over a foreign corporation is only permissible if the defendant's business contacts with the forum are continuous and systematic." FC Inv. Group LC v. IFX Markets, Ltd., 529 F.3d 1087, 1091-92 (D.C. Cir. 2008) (internal quotation marks and citations omitted). In this case the only allegation Plaintiff

makes in his Fourth Amended Complaint regarding Defendant's contact with this forum is that CUNY (and others) "conspired to interfere the proper function of U.S. District Court for District of Columbia in the instant case and delayed justice [*sic*]." Fourth Am. Compl., ¶ 39. Whatever this means, it cannot constitute sufficiently systematic and continuous contacts with this forum to support an assertion of general jurisdiction.

Specific jurisdiction, conversely, exists where a claim arises out of the nonresident defendant's contacts with the forum. <u>Helicopteros</u>, 466 U.S. at 414 n.8; <u>see also</u> <u>United States v. Ferrara</u>, 54 F.3d 825, 828 (D.C. Cir. 1995). "A plaintiff seeking to establish specific jurisdiction over a non-resident defendant must establish that specific jurisdiction comports with the forum's long-arm statute and does not violate due process." <u>FC Inv. Group</u>, 529 F.3d at 1094-95 (citation and internal citation omitted). The long-arm statute of the District of Columbia extends personal jurisdiction over a nonresident defendant where a claim arises from the defendant's

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [the defendant] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia . . . .

D.C. Code § 13-423(a). In order not to violate due process, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). Those guarantees are satisfied "if the defendant has 'purposefully directed' his activities at residents of the forum," <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985) (quoting <u>Keeton v. Hustler Magazine, Inc.</u>, 465 U.S.

770, 774 (1984)), and if "the litigation results from alleged injuries that 'arise out of or relate to' those activities." Id. (quoting Helicopteros, 466 U.S. at 414).

A brief look at the pleadings demonstrates that no specific jurisdiction exists here either. Plaintiff's only mention of Defendant in connection with the District of Columbia is his sweeping conspiracy allegation. See Fourth Am. Compl., ¶ 39. The Court, however, need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the Complaint. Trudeau, 456 F.3d at 193 (D.C. Cir. 2006) (quoting Papasan, 478 U.S. at 286) (internal quotation marks omitted). This is particularly true where the allegation is as farfetched and implausible as this one. Specific jurisdiction, therefore, is also lacking.

Plaintiff's Opposition explains that he is relying on Federal Rule of Civil Procedure 4(k)(2) for personal jurisdiction. See Opp. at 2. But that Rule by its own terms only applies where "the defendant is not subject to jurisdiction in any state's courts of general jurisdiction." Fed. R. Civ. P. 4(k)(2)(A). This is, of course, not the case here since the New York-based Defendant could have been sued there.

Even if the Court did have personal jurisdiction, Plaintiff's claims against CUNY would be dismissed. The suit is essentially Plaintiff's attempt to have this Court review the decisions of other state and federal courts with which he is dissatisfied. That is, of course, not the role of a federal district court. In addition, his conclusory and unsupported legal allegations fall far short of the required pleading standard. "[A] complaint must contain sufficient factual matter, [if] accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id. (citation omitted), and there must be "more than a sheer possibility that

a defendant has acted unlawfully." Id. (citation omitted).  Since he has failed to do so, dismissal is appropriate.

**IV.     Conclusion**

As the Court lacks personal jurisdiction over CUNY, its Motion to Dismiss will be granted. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  March 1, 2013